JS 44 (Rev 02/19)

**WB**

# CIVIL COVER SHEET

**19    2867**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**I. (a) PLAINTIFFS**

Michael Chambers

**DEFENDANTS**

Comm. of PA, PA State Police, Col. Tyree Blocker, Lt Col Lisa Christie, Lt Col Stephen Bucar, Lt Col Wm Horgas, Capt Wm Brown and Lt Thomas Tran

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William J. Fox, Esq , Law Ofcs of William J Fox, P.C., 1626 Pine St., Philadelphia, PA 19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

◻ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

◻ 2   U.S. Government Defendant

◻ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - Product Liability | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | ◻ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | | | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | ◻ 320 Assault Libel & Slander | | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers Liability | ◻ 368 Asbestos Personal Injury Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ◻ 340 Marine | | | ◻ 835 Patent - Abbreviated New Drug Application | ◻ 460 Deportation |
| | ◻ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ◻ 840 Trademark | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 371 Truth in Lending | ◻ 710 Fair Labor Standards Act | ◻ 861 HIA (1395ff) | ◻ 485 Telephone Consumer Protection Act |
| ◻ 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 380 Other Personal Property Damage | ◻ 720 Labor/Management Relations | ◻ 862 Black Lung (923) | ◻ 490 Cable/Sat TV |
| ◻ 195 Contract Product Liability | ◻ 362 Personal Injury Medical Malpractice | ◻ 385 Property Damage Product Liability | ◻ 740 Railway Labor Act | ◻ 863 DIWC/DIWW (405(g)) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 196 Franchise | | | ◻ 751 Family and Medical Leave Act | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| | | | ◻ 790 Other Labor Litigation | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ◻ 893 Environmental Matters |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | | ◻ 870 Taxes (U.S Plaintiff or Defendant) | ◻ 895 Freedom of Information Act |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | | ◻ 871 IRS - Third Party 26 USC 7609 | ◻ 896 Arbitration |
| ◻ 230 Rent Lease & Ejectment | ☒ 442 Employment | ◻ 510 Motions to Vacate Sentence | | | ◻ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ◻ 240 Torts to Land | ◻ 443 Housing/ Accommodations | ◻ 530 General | | | |
| ◻ 245 Tort Product Liability | ◻ 445 Amer w/Disabilities - Employment | ◻ 535 Death Penalty | **IMMIGRATION** | | ◻ 950 Constitutionality of State Statutes |
| ◻ 290 All Other Real Property | ◻ 446 Amer w/Disabilities - Other | ◻ 540 Mandamus & Other | ◻ 462 Naturalization Application | | |
| | ◻ 448 Education | ◻ 550 Civil Rights | ◻ 465 Other Immigration Actions | | |
| | | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

◻ 1 Original Proceeding   ☒ 2 Removed from State Court   ◻ 3 Remanded from Appellate Court   ◻ 4 Reinstated or Reopened   ◻ 5 Transferred from Another District *(specify)*   ◻ 6 Multidistrict Litigation - Transfer   ◻ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. Sections 1981, 2000e, et seq.

Brief description of cause:
Plaintiff alleges he was retaliated against in violation of Title VII and related claims.

**VII. REQUESTED IN COMPLAINT:**

◻ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ◻ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 07/01/2019

SIGNATURE OF ATTORNEY OF RECORD

JUL - 1 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*19-CV-2867*
*19   2867*

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 4010 Greene's Way Circle, Collegeville, PA 19426 _____

Address of Defendant: _____ 1800 Elmerton Ave., Harrisburg, PA 17110 _____

Place of Accident, Incident or Transaction: _____ Multiple, mostly Harrisburg, PA _____

---

**RELATED CASE, IF ANY:**

Case Number _____    Judge _____    Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 07/01/2019 _____    _____    39009

_____ Attorney-at-Law / Pro Se Plaintiff _____    Attorney I D # *(if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2   FELA
- ☐ 3   Jones Act-Personal Injury
- ☐ 4   Antitrust
- ☑ 5   Patent
- ☐ 6   Labor-Management Relations
- ☑ 7.   Civil Rights
- ☐ 8   Habeas Corpus
- ☐     Securities Act(s) Cases
- ☐ 10   Social Security Review Cases
- ☐ 11   All other Federal Question Cases *(Please specify)* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3   Assault, Defamation
- ☐ 4   Marine Personal Injury
- ☐ 5   Motor Vehicle Personal Injury
- ☐ 6.   Other Personal Injury *(Please specify)* _____
- ☐ 7   Products Liability
- ☐ 8.   Products Liability   Asbestos
- ☐ 9   All other Diversity Cases *(Please specify)* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration )*

for Defendants

I, ~~Sue Ann Unger~~, counsel of record or pro se plaintiff, do hereby certify

☐   Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐   Relief other than monetary damages is sought

JUL - 1 2019

DATE ~~07/01/2019~~ _____    _____ Attorney-at-Law / Pro Se Plaintiff _____    ~~39009~~    Attorney I.D # *(if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5 2018)

**WB**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CASE MANAGEMENT TRACK DESIGNATION FORM

MICHAEL CHAMBERS                          :          CIVIL ACTION 2867

v.                                        :

COMM. OF PA, ET AL.                       :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security ·· Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management    Cases that do not fall into any one of the other tracks.    (X)

7-1-19                  Sue Ann Unger               Defendants
**Date**                **Attorney-at-law**         **Attorney for**

215 560 2137           717 772 4296                sunger@attorneygeneral.gov
**Telephone**           **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

JUL -1 2019





$4400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL CHAMBERS, :
:
    Plaintiff, :
: CIVIL ACTION
    v. :
: No. **19 2867**
COMMONWEALTH OF PENNSYLVANIA, :
PENNSYLVANIA STATE POLICE and :
COLONEL TYREE C. BLOCKER and : **FILED**
LT. COLONEL LISA S. CHRISTIE and :
LT. COLONEL STEPHEN A. BUCAR and : JUL 1 2019
LT. COLONEL WILLIAM A. HORGAS and :
CAPTAIN WILLIAM C. BROWN and : KATE BARKMAN, Clerk
LIEUTENANT THOMAS E. TRAN, : By_____ Dep. Clerk
:
    Defendants. :

## NOTICE OF REMOVAL

TO: **Clerk of Court,
United States District Court for the Eastern District of Pennsylvania**

Defendants Commonwealth of Pennsylvania, Pennsylvania State Police, Tyree C.

Blocker, Lisa A. Christie, Stephen A. Bucar, William A. Horgas, William C. Brown, and

Thomas E. Tran, by their undersigned counsel, in support of removal to this Court, pursuant to

28 U.S.C. §§ 1441 and 1446, of a Civil Action brought in the Court of Common Pleas of

Philadelphia County at February Term, 2019, No. 0428, state the following:

1.    On February 6, 2019, plaintiff Michael Chambers commenced a Civil Action in

the Court of Common Pleas of Philadelphia County, captioned as <u>Chambers v. Commonwealth</u>

<u>of PA, PA State Police, et al.</u> and docketed at February Term, 2019, No. 0428, via a writ of

summons. A true and correct copy of the Writ of Summons is attached hereto as **Exhibit A**.

2. On June 18, 2019, Plaintiff filed a Complaint against defendants Commonwealth of Pennsylvania, Pennsylvania State Police; Tyree C. Blocker; Lisa A. Christie; Stephen A. Bucar; William A. Horgas; William C. Brown; and Thomas E. Tran (collectively, "Defendants").[1] A true and correct copy of the Complaint is attached hereto as **Exhibit B.**

3. Plaintiff brings federal law claims under Title VII of the Civil Rights Act of 1964, federal law claims under 42 U.S.C. § 1981, and state law claims under the Pennsylvania Human Relations Act, and seeks money damages as well as equitable relief. *See* Compl, Ex. B, ¶¶ 28, 30-34, 41-44.

4. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343, over the claim.

5. On or about June 18, 2019, a copy of the Complaint was served upon Defendants through their undersigned counsel.

6. Pursuant to 28 U.S.C. § 1441(a), et seq., Defendants are entitled to remove the action to this Court, and hereby give notice of the removal of this civil action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

9. This Notice of Removal is being filed within 30 days after receipt of Plaintiff's state court complaint by the Defendants, as required by 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

10. Copies of this Notice of Removal will be duly filed with the Prothonotary of the Court of Common Pleas of Philadelphia and served upon Plaintiff.

---

[1] The writ included another defendant, Michael C. Witmer, who is not included in the Complaint. Undersigned counsel Unger entered her appearance for all defendants, including Mr. Witmer, in the Philadelphia County Court of Common Pleas. *See* **Exhibit C** (Entry of Appearance). It appears that plaintiff is not suing Mr. Witmer. If Witmer is nonetheless to be considered a defendant, he consents to the removal of the case to federal court.

2

11. By this removal, Defendants do not intend to waive any substantive or procedural defenses to plaintiff's claim that may be available under federal or state law.

WHEREFORE, defendants Commonwealth of Pennsylvania, Pennsylvania State Police; Tyree C. Blocker; Lisa A. Christie; Stephen A. Bucar; William A. Horgas; William C. Brown; and Thomas E. Tran respectfully request that the above-referenced action pending in the Court of Common Pleas of Philadelphia County be removed to this Court.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

/s/ Sue Ann Unger

Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: 215-560-2127
Fax: 717-772-4526
sunger@attorneygeneral.gov

Matthew Skolnik
Deputy Attorney General
Attorney I.D. No. 89423

Keli M. Neary
Chief Deputy Attorney General

Date: July 1, 2019

3

## CERTIFICATE OF SERVICE

I, Sue Ann Unger, hereby certify that on this 1st day of July, 2019, I caused to be

served a true and correct copy of the foregoing Notice of Removal via First Class Mail,

postage prepaid, upon the following counsel:

William J. Fox, Esquire
Law Offices of William J. Fox, P.C.
1626 Pine Street
Philadelphia, PA 19103

JOSH SHAPIRO
ATTORNEY GENERAL

By:    /s/

SUE ANN UNGER
Senior Deputy Attorney General

Date: July 1, 2019

4

# EXHIBIT A

• CP.97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

Michael J. Chambers
4010 Greene's Way Circle
Collegeville, PA 19426

Filed and At noted by the
Office / Judicial Records
COURT OF COMMON PLEAS PHILA
COUNTY.

_____ Term. 20____

No. _____

*vs.*

Commonwealth of Pennsylvania, Pennsylvania
State Police, Tyree C. Blocker, Lisa S. Christie,
Stephen A. Bucar, William A. Horgas, Michael
C. Witmer, William C. Brown, Thomas E. Tran

To[1]

Commonwealth of Pennsylvania,
Pennsylvania State Police, Tyree C.
Blocker, Lisa S. Christie, Stephen A.
Bucar, William A. Horgas, Michael C.
Witmer, William C. Brown, Thomas E.
Tran

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*[2]

Michael J. Chambers

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



Exhibit 1

JOSEPH H. EVERS
*Prothonotary*

By _____



Date February 6, 2019

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev 8/00)

# EXHIBIT B

William J. Fox, Esquire
Law Offices of William J. Fox, P.C.
Attorney I.D. No. 69898
1626 Pine Street
Philadelphia, PA 19103
215-546-2477

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| MICHAEL CHAMBERS<br>4010 Greene's Way Circle<br>Collegeville, PA 19426<br><br>        Plaintiff<br><br>    v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br>PENNSYLVANIA STATE POLICE<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>COLONEL TYREE C. BLOCKER<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>LT. COLONEL LISA S. CHRISTIE<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>LT. COLONEL STEPHEN A. BUCAR<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>LT. COLONEL WILLIAM A. HORGAS<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>CAPTAIN WILLIAM C. BROWN<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>and<br><br>LIEUTENANT THOMAS E. TRAN<br>1800 Elmerton Ave<br>Harrisburg PA 17110<br>        Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br><br>FEBRUARY TERM 2019<br>NO. 0428 |

Exhibit

:

_____ :

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NAT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Reference Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone; 215-238-6333
TTY: 215-451-6197

## AVISO

Ic han demandado a usted en la corte. Si usted quiere defenderse de estademandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplavoal partir de la fecha de la demanda y la notificacion, llace lalta a senta una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s?? persona. Sea a visado que si ysted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previa aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perde? dinero o sus propiedades o otros de rechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIA LAMENIE S?? NO LLENE ABOGADO O SI NO LLENE EL DINERO SUFFICIENLL DI PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE INCUENIRA ESCRIIA ABAJO PARA AVERIGUAR DONDI SI PUIDI CONSEGUIR ASISIENCIA LEGAL.

Servicio de Referencia Legal
Uno Reading Centro
Filadelfia, PA 19107
Telefono: 215-238-6333
TTY: 215-451-6197

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney Id. 69898
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

**Attorney for Plaintiff**

---

MICHAEL CHAMBERS                           :
4010 Greene's Way Circle                   :       PHILADELPHIA COUNTY
Collegeville, PA 19426                     :       COURT OF COMMON PLEAS
                                           :
            Plaintiff                      :
                                           :       FEBRUARY TERM 2019
            v.                             :       NO. 0428
                                           :
COMMONWEALTH OF PENNSYLVANIA,              :
PENNSYLVANIA STATE POLICE                  :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
COLONEL TYREE C. BLOCKER                   :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
LT. COLONEL LISA S. CHRISTIE               :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
LT. COLONEL STEPHEN A. BUCAR               :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
LT. COLONEL WILLIAM A. HORGAS              :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
CAPTAIN WILLIAM C. BROWN                   :
1800 Elmerton Ave                          :
Harrisburg PA 17110                        :
and                                        :
                                           :
LIEUTENANT THOMAS E. TRAN                  :
1800 Elmerton Ave                          :



FILED
19 JUN 18 PM 3: 51
OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PA

Harrisburg PA 17110                           :
            Defendants                        :
                                                           :

## COMPLAINT

1. Plaintiff, Michael Chambers, is an adult, citizen and resident of the United States and Philadelphia, Pennsylvania and was last employed by the Commonwealth of Pennsylvania State Police as a Sergeant.

2. Defendant, Commonwealth of Pennsylvania State Police (hereinafter referred to as "PSP") is an agency that provides police protection to the Citizens of Pennsylvania and employees more than 1000 employees. At all times relevant, PSP was the employer of Plaintiff.

3. Defendant, Colonel Tyree C. Blocker, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

4. Defendant, Lt. Colonel Lisa S. Christie, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

5. Defendant, Lt. Colonel Stephen A. Bucar, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

6. Defendant, Lt. Colonel William A. Horgas, is an officer and employee of the PSP, was in the chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

7. Defendant, Captain William C. Brown, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

8. Defendant, Lieutenant Thomas C. Tran, is an officer and employee of the PSP, was in Plaintiff's chain of command and made decisions that effected the terms and conditions of Plaintiff's employment.

9. In November 2015, Plaintiff engaged in protected when he provided a statement in an EEO investigation based upon a complaint filed by Plaintiff's supervisor, Lt. Gary L. Dance, who's color is black and race is African American

10. Lt. Dance alleged discrimination and retaliation by PSP based upon his race and color.

11. Plaintiff gave a statement supporting Lt. Dance's allegations that he had been subjected to race discrimination in the work place.

12. After providing this statement, Plaintiff was subjected to repeated retaliation over the next several years.

13. On multiple occasions, Plaintiff was denied promotion to the position of Lieutenant. The reason for the denial was because he had engaged in protected activity under Title VII and the PHRA.

14. Though Plaintiff was one of the most qualified candidates, he was repeatedly denied promotions to the rank of Lieutenant as follows:

a. On January, 16 2016, three Sergeants were promoted to Lieutenant. Plaintiff was denied promotion;

b. On February 27, 2016, 31 Sergeants were promoted to Lieutenant. Plaintiff was denied promotion; and,

c. On April 23, 2016, three Sergeants were promoted to Lieutenant. Plaintiff was denied a promotion.

15. Defendants isolated Plaintiff in retaliation for Plaintiff engaging in a protected activity by cooperating with the EEO investigation and reporting racist actions of PSP members against Lt. Gary Dance.

16. In July 2016, Plaintiff reported that a PSP commissioned officer made racist jokes while teaching EEO training. Lt. Dance was present at this training and was offended by the racist comments made by officer.

17. Plaintiff provided a statement to the EEO about the aforesaid race discrimination and harassment.

18. After plaintiff engaged in this and previous protected activity he was again denied promotion on the following dates;

a. On August 13, 2016, 11 Sergeants were promoted to Lieutenant. Plaintiff was denied a promotion.

b. On December 31, 2016, two Sergeants were promoted to Lieutenant. Plaintiff was denied a promotion.

c. On February 11, 2017, 21 Sergeants were promoted to Lieutenant including one Sergeant who was ineligible for promotion. Plaintiff was denied a promotion.

19. On February 6, 2017, Plaintiff filed an EEO complaint with the Pennsylvania State Police Equality and Inclusion Office (EIO) alleging claims of discrimination and retaliation against the PSP .

20. Plaintiff specifically alleged that a coworker-Sergeant, that was ineligible for promotion, was promoted to Lieutenant on February 11, 2017 specifically to deny Plaintiff a promotion.

21. On February 22, 2017, Plaintiff gave an unfavorable statement as a victim of retaliation and discrimination against the PSP.

22. On February 23, 2017, Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging retaliation and discrimination against the PSP.

23. On March 14, 2017, Plaintiff filed a second EEO complaint with the PSP/ Equality and Inclusion Office against the PSP for increased surveillance and harassment by then Lieutenant William C. Brown, the Executive Officer to Lieutenant Colonel Lisa S. Christie, and against Lieutenant Colonel Lisa S. Christie for ordering Plaintiff to submit to a "random" drug test shortly after Plaintiff engaged in protected activity.

24. On April 4, 2017, Plaintiff gave a statement after filing a second EEO complaint. He continued to be denied promotions for engaging in this and previous protected activities.

25. At all times relevant, Plaintiff has performed his job duties above expectations and was more qualified than most Sergeants that were promoted ahead of Plaintiff.

26. At all times relevant, individual Defendants were in Plaintiff's chain of command and had the ability to negatively effect Plaintiff's employment and workplace environment.

27. At all times relevant, individual Defendants made and/or participated in the decisions to deny Plaintiff promotions and to retaliate against Plaintiff with regard to the terms and conditions of his employment.

28. All of Defendant's aforesaid actions against Plaintiff to deny him a promotion to the rank of Lieutenant and to harass him for having engaged in protected activities were in violation of Title VII and PHRA.

**Count I - Retaliation Under Title VII - Defendants Commonwealth & PSP**

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though same were fully set forth at length herein.

30. At all times relevant hereto, Plaintiff engaged in protected activity when he reported racial discrimination and harassment, under Title VII, to his chain of command, to the EIO and the EEOC.

31. Shortly after reporting the aforesaid conduct, Plaintiff was subjected retaliation in the form of denial of promotion, harassment and other indignities in the work place.

32. The aforesaid retaliation was directly related to Plaintiff's protected activities.

33. As a result of Defendants' conduct, Plaintiff has suffered economic harm, emotional distress, embarrassment, humiliation, anxiety and pain and suffering.

34. Defendants' aforesaid conduct constitutes violations of Title VII.

35. Any reasons that Defendants claim legitimize its actions are false and constitute a pretext.

### COUNT IV - STATE LAW CLAIMS - Defendants Commonwealth & PSP

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though same were fully set forth at length herein.

37. Defendants have at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendants knew, or reasonably should have known, that the aforementioned conduct was in violation of Defendant Employer's handbook, PSP Directives, Policies and Regulations and the laws of Pennsylvania and the United States. The Defendants knew, or reasonably should have known, that Plaintiff was subject to discrimination and retaliation; yet, Defendants took no action to cease its wrongful conduct and, in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because he engaged in protected activity under Title VII and the Pennsylvania Human Relations Act. Accordingly, Plaintiff is entitled to compensatory damages.

38. Any reasons that Defendants claim legitimize its actions are false and constitute a pretext.

39. Defendants' aforementioned actions are in violation of the Pennsylvania Human Relations Act.

### COUNT II - 42 U.S.C. § 1981 - Individual Defendants

40. Plaintiff hereby incorporates by reference paragraphs 1 through 25 of this Complaint as though same were fully set forth at length herein.

41. As hereinbefore alleged, Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when he was a witness to and complained of discrimination based on race and color and when he complained of retaliation with regard to multiple denials of promotion.

42. At all times relevant, Defendants Blocker, Christie, Bucar, Horgas, Brown and Tran were in Plaintiff's chain of command and had the ability to negatively effect Plaintiff's employment and workplace environment.

43. At all times relevant, Defendants Blocker, Christie, Bucar, Horgas, Brown and Tran made and/or participated in the decisions to deny Plaintiff promotions and to retaliate against Plaintiff with regard to the terms and conditions of his employment.

44. As a result of the individual Defendants' aforesaid retaliation, harassment and discrimination, Plaintiff has lost and continues to lose compensation and other damages as hereinbefore alleged.

WHEREFORE, Plaintiff, Michael Chambers, respectfully requests that this honorable Court enter an order providing the following:

    a.    That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, punitive damages against individual Defendants and such other monetary relief the Court deems just;

b.   That Plaintiff recover from Defendant his costs, including expert witness fees and

reasonable attorneys' fees, together with such other remedies as may be provided

by law; and

c.   That the Court grant such other relief, including equitable and injunctive relief, as

it deems just and proper.

_____

WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff

Date:\_\_June 17, 2019\_\_

## VERIFICATION

I, WILLIAM J. FOX, ESQUIRE, attorney for Plaintiff, Michael Chambers, in this action, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made in said Pleading are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
WILLIAM J. FOX, ESQUIRE

Date:  June 17, 2018

# EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
BY:    Sue Ann Unger
       Senior Deputy Attorney General
ATTORNEY I.D. NO.:  39009
The Phoenix
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2127

Filed and Attested by the
Office of Judicial Records
01 MAY 2019 02:50 pm
ATTORNEY FOR. Defendant. IMPERATO

|  |  |
|---|---|
| MICHAEL J. CHAMBERS | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY |
| vs. |  |
| COMMONWEALTH OF PENNSYLVANIA, et al | FEBRUARY TERM, 2019<br>No. 00428 |

### ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance in the above-captioned case on behalf of Defendants Commonwealth of

Pennsylvania, Pennsylvania State Police, Tyree C. Blocker, Lisa A Christie, Stephen A. Bucar, William A

Horgas, Michael C. Witmer, William C. Brown and Thomas E. Tran.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:    /s/ _____
       SUE ANN UNGER
       Senior Deputy Attorney General
       Attorney I.D. # 39009

sunger@attorneygeneral.gov

DATE· May 1, 2019

Exhibit

Case ID: 190200428

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
BY:    Sue Ann Unger
       Senior Deputy Attorney General          ATTORNEY FOR: *Defendants*
ATTORNEY I.D. NO.: 39009
The Phoenix
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2127

| | |
|---|---|
| MICHAEL J. CHAMBERS | :   COURT OF COMMON PLEAS<br>:   OF PHILADELPHIA COUNTY<br>:<br>: |
| vs. | :<br>:<br>: |
| COMMONWEALTH OF PENNSYLVANIA, et al | :   FEBRUARY TERM, 2019<br>:   No. 00428 |

### CERTIFICATE OF SERVICE

I, Sue Ann Unger, Senior Deputy Attorney General hereby certify that a true and correct copy of the

herein was electronically filed and electronically served and/or mailed to any party or counsel of record who

does not receive e-filing.

JOSH SHAPIRO
ATTORNEY GENERAL

By:    /s/
       _____
       SUE ANN UNGER
       Senior Deputy Attorney General

Date: May 1, 2019

Case ID: 190200428